THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED LEROY, Appellant, *v.* THOMAS L. FEITNER and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

*Tax* — laches *in applying to the commissioners of taxes and assessments of the city of New York to correct an assessment for personal property* — *when sickness does not excuse it.*

*Laches* in making application to the commissioners of taxes and assessments of the city of New York to correct an assessment within the time prescribed by statute is not excused by proof that the petitioner, who had the entire period from January eleventh to April thirtieth within which to make such application, attended at the office of the commissioners on two occasions between April fifteenth and April twenty-seventh and waited over an hour on each occasion, at the expiration of which time he was compelled to leave without having an opportunity to be heard, through fear of losing his business position by remaining longer, and that he was prevented by illness during the last week in April from making the application.

Appeal by the relator, Alfred Leroy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of May, 1898, denying the relator's application for a peremptory writ of mandamus directed to the defendants, commanding them to hear and consider upon the merits the application of the said relator for the correction, remission and cancellation of the assessment of the personal property of the said relator for the year 1897.

*John N. Lewis, Jr.,* for the appellant.

*James M. Ward,* for the respondents.

Ingraham, J. :

In January, 1897, the personal estate of the relator, subject to taxation, was valued and assessed by the respondents at $10,000, and on or about January 11, 1897, the respondents notified the relator of such assessment, and that if the sum was erroneous it had to be corrected before the commissioners on or before April thirtieth or it would be confirmed at that amount. No application to the commissioners was made to correct such assessment until February 2, 1898, when a petition was presented to them, in which the relator stated that at no time during the year 1897 did he possess any personal estate over and above his debts; that in January, 1897, he received through the mail a notice dated January eleventh, which is annexed to his petition; that between April 15 and April 25, 1897, he visited the office of the commissioners on two occasions and stayed there for over an hour without having an opportunity to be heard, and that on both of these occasions after so waiting, he was obliged to leave through fear that if he remained longer from his office he might sacrifice his business position ; that he had intended to go to the commissioners' office before April thirtieth early some morning and have his personal tax corrected without great delay and without risk of losing his position, but that before he had an opportunity to carry out such intention he became ill with bronchitis and was confined to his house for the last week of April and a part of the first week in May ; that he was prevented by illness from making his complaint to the tax commissioners, and applied for a remission of such

taxes. The petition further states that upon presentation of this application to the respondents they refused to grant the same on the sole ground that they had no power to entertain or grant it for the reason that the petitioner could not have been prevented by illness from making his complaint within the meaning of the provisions of the Consolidation Act and of the charter of the city of New York, because it appeared by said petition that there were days between January 11, 1897, and April 30, 1897, whereon the petitioner was not ill. No answer was made to this petition on behalf of the respondents, but on the application for a mandamus coming on to be heard at Special Term the motion was denied, and from the order denying that motion the relator appeals.

But section 822 of the Consolidation Act (Chap. 410, Laws of 1882), as amended by chapter 276 of the Laws of 1883, which was in force at the time this assessment was made, provides that "no tax on personal property shall be remitted, canceled or reduced unless the applicant or party aggrieved shall *satisfy the commissioners* that he has been prevented by absence from the city or by illness from making his complaint or application to them within the time allowed by law for the correction of taxes;" and, by section 897 of the charter of the city of New York (Laws of 1897, chap. 378), which was in force at the time the application to the respondents was made, this provision, contained in section 822 of the Consolidation Act, was re-enacted. Before the commissioners had power to remit this tax on personal property the relator was required to satisfy the board of taxes and assessments that illness or absence from the city had prevented him from making the application to the board within the time allowed by law for the correction of taxes. His own petition to the board showed that he was in the city during the whole period from January eleventh to April thirtieth, and that his illness only prevented him from making the application during the week prior to April thirtieth. Under the law the relator was bound to apply to the board of commissioners before April thirtieth, and he has under the law the whole period from the time the assessment was made to April thirtieth. He chose to neglect making the application until the last week of the time allowed by law for making such applications, and the fact that during the last week he was prevented by illness from making it does not show that he was so pre-

vented at any other time.  The law contemplates a case where a person whose property is assessed for taxation has been prevented during the period which the law allows for the correction of such assessments from making an application to the board for such corrections, not where a few days' illness prevented the application being made during the continuance of the disability.  The relator did attend twice at the office of the board for the purpose of applying to have the assessment corrected.  He chose to delay making his application until it was so late in the year that other persons waiting to be heard were ahead of him, and then, not choosing to wait until he could in turn be heard by one of the commissioners, he postponed making the application, and it was in consequence of such neglect and delay that his application was not made and passed upon.  He was not, therefore, prevented by illness from making the application within the time allowed by law for the correction of taxes.

We think that the respondents correctly decided that they had under the statute before referred to no power to remit or cancel the tax.  The order appealed from is, therefore, affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.